UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYWAN LEONARD JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>JOHN SUTTON, Warden,<br><br>Respondent. | No. 2:17-cv-0958 MCE AC P<br><br><br><br>ORDER |

Petitioner proceeds pro se and in forma pauperis with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. By order filed August 21, 2107, this court set a briefing schedule. See ECF No. 10. Respondent's response is due on or before Monday, October 23, 2017, and petitioner may file a reply 30 days thereafter.

Currently pending are petitioner's motions for relief from judgment, ECF No. 14, and for appointment of counsel, ECF No. 18.

Petitioner's "motion for relief from judgment" is premised on the claim that his second degree murder conviction is unconstitutional under Johnson v. United States, 135 S. Ct. 1551 (June 26, 2015).[1] Although petitioner's motion will be denied, respondent is directed to address this matter in the response. Petitioner may further address the matter in his reply to the response.

---

[1] Petitioner mistakenly cites Johnson v. United States, 135 S. Ct. 939 (Jan. 9, 2015) (order directing supplemental briefing in the case). See ECF No. 14 at 1.

1

Petitioner also requests the appointment of counsel, on the ground that his appellate counsel is precluded from further assisting him. There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Moreover, the number of attorneys available for appointment is limited. Nevertheless, 18 U.S.C. § 3006A authorizes appointment of counsel at any stage of a habeas proceeding "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The instant case proceeds on a typed 129-page petition that clearly presents petitioner's asserted grounds for relief. Respondent's briefing is pending. There is no present indication that the questions presented in this case are exceptionally complex. For these reasons, the court finds that appointment of counsel is not required by the interests of justice at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for relief from judgment, ECF No. 14, is denied; however, respondent is directed to address in the response the applicability, if any, of Johnson v. United States, 135 S. Ct. 1551 (2015), to petitioner's conviction.

2. Petitioner's request for appointment of counsel, ECF No. 18, is denied without prejudice.

DATED: October 5, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE